UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| JOHN COLEMAN, | No. C 08-03789 LB |
|                Plaintiff, | **ORDER DENYING PLAINTIFF'S MANDAMUS PETITION TO ENFORCE JUDGMENT AND DENYING DEFENDANT'S FED. R. CIV. P. 60(B) MOTION AS MOOT** |
| v. | |
| MICHAEL J. ASTRUE, | |
|                Defendant. | |

## I. INTRODUCTION

On August 7, 2009, Magistrate Judge Wayne D. Brazil[1] granted in part Plaintiff John Coleman's *pro se* motion for summary judgment, finding that he was disabled and remanding the case to the Social Security Administration "for the AWARD of [Supplemental Security Income ("SSI")] benefits earned during the period from July 27, 2004, to August 3, 2005." ECF No. 33 at 16.[2] By letter filed January 13, 2010, Plaintiff alleged that by paying benefits as of March 1, 2005 (instead of July 27, 2004), the Social Security Administration did not comply with Judge Brazil's order. ECF No. 38. Following the Court's construal of the letter as a mandamus petition to enforce

---

[1] The case is now assigned to Magistrate Judge Laurel Beeler.

[2] Court filings in this order are identified by their docket number on the Electronic Case Filing ("ECF") docket sheet.

ORDER (C 08-03789 LB)

the judgment, *see* ECF No. 40,[3] Defendant Social Security Administration (1) responded that the Social Security Act permitted payment of benefits only as of March 1, 2005, and (2) asked the Court to amend the judgment under Federal Rule of Civil Procedure 60(b)(1) to provide for payment of benefits only as of March 1, 2005.  ECF Nos. 46, 47.

The Court denies Plaintiff's petition and dismisses Defendant's Rule 60(b) motion as moot. Judge Brazil's order directs only the payment of benefits "earned during the period from July 27, 2004, to August 3, 2005."   Plaintiff was entitled to payment of benefits only as of March 1, 2005, the first day of the month following February 17, 2005, the protective filing date of his application for benefits.  Payment of benefits as of March 1, 2005, is payment of the benefits "earned" during the disability period and thus is consistent with the relief that Judge Brazil ordered.

## II.  ADDITIONAL FACTS

The administrative record establishes, and the parties do not dispute, that Plaintiff filed his written application for disability benefits on March 3, 2005, and that his protective filing date (often the date of an applicant's earlier oral or written inquiry for benefits) is February 17, 2005.  Order on Cross-Motions for Summary Judgment, ECF No. 33 at 1; Declaration of Ella Battle, Program Analyst ("Battle Declaration"), ECF No. 47-1 at ¶ 5; *see* 20 C.F.R. §§ 416.340, 416.345.

## III.  DISCUSSION

An SSI claimant is disabled if (1) he suffers from a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months," and (2) the "impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 1382c(a)(3)(A) & (B).  Judge Brazil previously held that Plaintiff met both statutory requirements for disability.  *See* ECF No. 33.  In particular, Judge Brazil determined that Plaintiff was disabled from July 27, 2004, to August 3,

---

[3] The Social Security Administration does not contest jurisdiction.  In any event, a federal court has "inherent power to enforce its judgments."  *Peacock v. Thomas*, 516 U.S. 349, 356 (1996).

UNITED STATES DISTRICT COURT
For the Northern District of California

1 2005, thereby meeting the requirement that Plaintiff be disabled for a continuous period of not less
2 than twelve months. *See id.*

3 If a claimant – like Plaintiff – is disabled for a continuous period of not less than twelve
4 months, he is eligible for payment of benefits the first day of the month following the date he files
5 his application for benefits. *See* 42 U.S.C. § 1382(c)(7)(a); 20 C.F.R. §§ 416.202(g), 416.501,
6 416.335; *see, e.g., Bracken v. Astrue*, No. C 07-764, 2009 WL 542214, at *6 n.6 (C.D. Cal. March.
7 3, 2009); *Collins v. Astrue*, No. C 08-5092, 2009 WL 112863, at *14 n.5 (W.D. Wash. Jan. 14,
8 2009). If a claimant makes an oral or written inquiry about SSI benefits before filing a formal
9 written application, the Social Security Administration uses the date of the earlier inquiry as the
10 filing date. *See* 20 C.F.R. §§ 416.340, 416.345. The Social Security Administration refers to this
11 earlier date as the "protective filing date." Battle Declaration, ECF No. 47-1 at ¶ 5.

12 Plaintiff's protective filing date is February 17, 2005. *See id*. The first day of the month
13 following that date – and the first date Plaintiff was entitled to benefits under the statutes and
14 regulations – was March 1, 2005. *See* 42 U.S.C. § 1382(c)(7)(a); 20 C.F.R. §§ 416.501, 416.335.

15 Plaintiff argues that Judge Brazil ordered payment of benefits effective July 27, 2004. That
16 was not Judge Brazil's order. He remanded the case to the Social Security Administration "for the
17 AWARD of benefits *earned* during the period from July 27, 2004, to August 3, 2005." ECF No. 33
18 at 16 (emphasis added). A claimant cannot "earn" benefits until he applies for them. The
19 application date here is February 17, 2005, which resulted in the payment of SSI benefits to Plaintiff
20 effective March 1, 2005, through August 3, 2005. Awarding benefits for that period is an award of
21 the "benefits *earned* during the period from July 27, 2004, to August 3, 2005," and the Social
22 Security Administration thus complied with Judge Brazil's order. *See id.* (emphasis added).

23 **IV. PLAINTIFF'S SUPPLEMENTAL FILINGS AND ARGUMENT**

24 Judge Brazil also remanded the case for further proceedings regarding Plaintiff's eligibility
25 for SSI benefits after August 3, 2005. *See* ECF No. 33 at 18. Plaintiff discussed those proceedings
26 in supplemental filings, *see, e.g.,* ECF No. 56, and at oral argument. The Court lacks jurisdiction in
27 this case to consider any decisions about payment of benefits after August, 3, 2005. Instead, judicial
28 review is appropriate only after a timely appeal of any final decision by the Commissioner.

## V.  CONCLUSION

The Court **DENIES** Plaintiff's mandamus petition and **DISMISSES AS MOOT** Defendant's Rule 60(b) Motion.

**IT IS SO ORDERED.**

Dated: July 14, 2010

_____
LAUREL BEELER
United States Magistrate Judge