UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| JOHN COLEMAN,<br><br>       Plaintiff,<br>   v.<br><br>MICHAEL J. ASTRUE,<br><br>       Defendant.<br>_____/ | No. C 08-03789 LB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION & DENYING PLAINTIFF'S "MOTION TO HAVE COURT LOOK AT 'FULL PHYSICAL DISABILITY ISSUE'"**<br><br>**[Docket Nos. 60, 62]** |

On July 22, 2010, Plaintiff filed a Motion for Reconsideration asking the Court to reconsider its July 14, 2010 Order that denied Plaintiff's Mandamus Petition to Enforce Judgment against Defendant Social Security Administration. Mot. for Reconsideration, ECF No. 60 at 1.[1] On July 30, 2010, Plaintiff filed a "Motion to have Court look at 'Full Physical Disability Issue.'" July 30, 2010 Mot., ECF No. 62.

Under the Civil Local Rules, plaintiffs must seek permission from the Court prior to filing a Motion for Reconsideration. Civil L.R. 7-9. In seeking permission from the Court, plaintiff's must show that (1) at the time of the motion, a material difference in fact or law exists that was not previously presented to the Court, (2) there has been an emergence of new material facts or a change

---

[1] Court filings in this order are identified by their docket number and page on the Electronic Case Filing ("ECF") docket sheet.

ORDER
C 08-03789

in law since the Court issued the Order, or (3) there was a "manifest failure by the Court to consider material facts or dispositive legal arguments" that were presented to it. Civil L.R. 7-9(b). Even if the Court grants Plaintiff permission to file a Motion for Reconsideration, reconsideration is only appropriate in the "highly unusual circumstances" when (1) the Court is presented with newly discovered evidence, (2) the underlying decision was in clear error or manifestly unjust, or (3) there is an intervening change in controlling law. *See School Dis. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Plaintiff does not present any evidence that any of the three requirements of the Local Rules are satisfied. Moreover, even if the Court grants Plaintiff permission to file a Motion for Reconsideration, he has not shown that there has been newly discovered evidence, that the underlying decision was in clear error or manifestly unjust, or that there has been an intervening change in controlling law. Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration.

Since Plaintiff's "full physical disability issue" was fully adjudicated before Judge Wayne D. Brazil and closed on August 7, 2009, the Court **DENIES** Plaintiff's "Motion to have Court look at 'Full Physical Disability Issue.'"

**IT IS SO ORDERED.**

Dated: August 2, 2010

_____
LAUREL BEELER
United States Magistrate Judge

ORDER
C 08-03789

2