UNITED STATES DISTRICT COURT
For the Northern District of California

1

2

3

4

5

6

7

8              UNITED STATES  DISTRICT COURT

9                Northern District of California

10                  San Francisco Division

11   JOHN COLEMAN,                                No. C 08-03789 LB

12              Plaintiff,            **ORDER DENYING PLAINTIFF'S**
        v.                            **"MOTION FOR JUDICIAL REVIEW**
13                                    **OF DECISION OF COMMISSIONER**
     MICHAEL J. ASTRUE,               **OF SOCIAL SECURITY**
14
              Defendant.
15   _____/

16      On August 7, 2008, *pro se* plaintiff John Coleman filed a complaint against Defendant Michael

17   J. Astrue by which he sought review of the Social Security Administration's ("SSA") denial of his

18   application for Supplemental Security Income disability benefits as of July 27, 2004. *See*

19   Complaint, ECF Nos. 1.  Exactly one year later, on August 7, 2009, United States Magistrate Judge

20   Wayne D. Brazil denied Defendant's cross-motion for summary judgment and granted in part and

21   denied in part Mr. Coleman's motion for summary judgment, finding that Mr. Coleman was disabled

22   and remanding the action to the SSA "for the AWARD of benefits earned during the period from

23   July 27, 2004, to August 3, 2005." 8/7/2009 Order, ECF No. 33 at 16.  In addition, Judge Brazil

24   remanded for further administrative proceeding to determine whether benefits were due after August

25   3, 2005. *Id*. at 17, 18.

26      On January 11, 2010, this matter was re-assigned from Magistrate Judge Wayne D. Brazil to the

27   undersigned.  Order Reassigning Case, ECF No. 39.  A few days later, Mr. Coleman filed a letter,

28   alleging that the SSA failed to comply with Judge Brazil's August 7, 2009 order.  1/13/2010 Letter,

C 08-03789 LB
ORDER

UNITED STATES DISTRICT COURT
For the Northern District of California

1   ECF No. 38.  The SSA had awarded Mr. Coleman benefits only for the period of March 1, 2005 to

2   August 3, 2005, and Mr. Coleman argued that Judge Brazil's order required the SSA to pay benefits

3   from July 27, 2004 though February 28, 2005 as well.  *See id.*; 3/23/2013 Letter, ECF No. 44.

4   Following the court's construal of Mr. Coleman's January 13, 2010 letter as a mandamus petition to

5   enforce the judgment, *see* 2/23/2010 Order, ECF No. 40, the court found that the SSA had complied

6   with Judge Brazil's order for payment of benefits "***earned*** during the period from July 27, 2004 to

7   August 3, 2005," because Mr. Coleman was entitled to payment of benefits only as of March 1,

8   2005, the first day of the month following February 17, 2005, the protective filing date of his

9   application for benefits.  7/14/2010 Order, ECF No. 59 (emphasis in original).  The undersigned

10  determined that payment of benefits as of March 1, 2005 was payment of the benefits "earned"

11  during the disability period and therefore, was consistent with Judge Brazil's order.  *Id.* at 3 (citing

12  42 U.S.C. § 1382(c)(7)(a); 20 C.F.R. §§ 416.202(g), 416.501, 416.335; *Bracken v. Astrue*, No. C

13  07-764, 2009 WL 542214, at *6 n.6 (C.D. Cal. Mar. 3, 2009); *Collins v. Astrue*, No. C 08-5092,

14  2009 WL 112863, at *14 n.5 (W.D. Wash. Jan. 14, 2009)).

15      In addition to denying the mandamus petition to enforce the judgment, the court also considered

16  Mr. Coleman's request—which he raised for the first time in a May 20, 2010 letter—to have the

17  court review the ALJ's most recent "unfavorable determination of long term disability."  *Id.* at 3

18  (citing, *e.g.*, 5/20/2010 Letter, ECF No. 52).  This court explained to Mr. Coleman that it lacked

19  jurisdiction to consider any decisions about payment of benefits after August, 3, 2005 because

20  judicial review is appropriate only after a timely appeal of any final decision by the SSA.  *Id.*  Mr.

21  Coleman had not shown that the SSA had made a final decision or that he timely appealed.

22      Since then, Mr. Coleman has continued to request that the court reconsider its July 14, 2010 Order

23  denying Mr. Coleman's mandamus petition to enforce Judge Brazil's August 7, 2009 Order and

24  declining to review the SSA's decisions regarding the payment of benefits after August 3, 2005.  In

25  July 2010, Mr. Coleman filed two separate motions: (1) a motion for reconsideration of the court's

26  July 14, 2010 Order and (2) a motion for "Court Review [of the] Full Disability Issue."  7/22/2010

27  Motion for Reconsideration, ECF Nos. 60; Motion for Court Review of the Full Disability Issue,

28  ECF No. 62.  On August 2, 2010, the court denied Mr. Coleman's motion for reconsideration

C 08-03789 LB
ORDER

1   because he failed to show that (1) at the time of the motion, a material difference in fact or law

2   existed that was not previously presented to the court, (2) there has been an emergence of new

3   material facts or a change in law since the court issued its order, or (3) there was a "manifest failure

4   by the Court to consider material facts or dispositive legal arguments" that were presented to it.

5   8/2/2010 Order, ECF No. 63 at 2-3 (citing N.D. Cal. Civil L.R. 7-9).  In addition, the court denied

6   Mr. Coleman's Motion for "Court Review [of the] Full Disability Issue" as moot because this case

7   was closed on August 7, 2009.  *Id*. at 2.  Mr. Coleman appealed the court's July 14, 2010 and August

8   2, 2010 Orders, and the Ninth Circuit affirmed the court's rulings on February 7, 2011.  Notice of

9   Appeal, ECF No. 65; 2/7/2011 Ninth Circuit Order, ECF No. 69.

10       On July 15, 2011, Mr. Coleman filed a "Motion for Summary Judgment," attaching Judge

11   Brazil's August 7, 2009 Judgment, Pages 16 and 17 of Judge Brazil's August 7, 2009 Order, and

12   part of an application for disability benefits.  7/15/2011 Motion for Summary Judgment, ECF No.

13   72.  Again, the court denied Mr. Coleman's summary judgment as moot because the case was

14   closed.  7/27/2011 Order, ECF No. 73.  A few months later, Mr. Coleman submitted a letter "Asking

15   [the] Court for Reconsideration or Instructions."  10/20/2011 Letter, ECF No. 74.  Mr. Coleman

16   requested instructions on how to proceed in order to obtain his social security benefits.  *Id*.

17       The issue at present concerns Mr. Coleman's most recently filed document, which is a "Motion

18   for Judicial Review of Decision of Commissioner of Social Security."  12/18/2012 Motion for

19   Judicial Review, ECF No. 75.  Mr. Coleman used a form complaint for SSA appeal action, and on

20   the caption page, Mr. Coleman appears to have crossed out the word "complaint" and inserted

21   "motion."  *Id*. at 1.  From what the court can tell, Mr. Coleman continues to challenge a ruling by the

22   SSA, but the court is unable to determine what it is.  *See id*. at 3-5.  It may also ask the court to once

23   again reconsider its July 14, 2010 Order.  *See id*.  In support of this motion, Mr. Coleman submitted

24   five items: (1) a copy of a SSA Policy Interpretation Ruling (SSR 96-1p); (2) his briefs to the SSA

25   Appeals Council; (3) a medical opinion from a Dr. Slabaugh dated March 16, 2012; (4) an economic

26   news release from the U.S. Bureau of Labor Statistics; and (5) Mr. Coleman's Linkedin.com profile.

27   *Id*. at 6-27.

28       To the extent that Mr. Coleman is seeking review of a ruling by the SSA, this court lacks

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

UNITED STATES DISTRICT COURT
For the Northern District of California

1   jurisdiction to consider payments of benefits after August 3, 2005.  Under 42 U.S.C. § 405(g),

2   district courts have jurisdiction to review any final decision of the Commissioner if the plaintiff

3   initiates the suit within 60 days of the decision.  "[T]he finality required for judicial review is

4   achieved only after the further steps of a hearing before an administrative law judge and, possibly,

5   consideration by the Appeals Council." *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975).  Therefore, a

6   plaintiff must exhaust his administrative remedies before seeking judicial intervention. *Mathews v.*

7   *Eldridge*, 424 U.S. 319, 327 (1976).  There is nothing to indicate that Mr. Coleman has done this.  In

8   any case, if he seeks judicial review of another SSA ruling, he should file a new complaint.  To that

9   end, Mr. Coleman should contact the court's VLSP Legal Help Center, which is located in Room

10  2796 on the 15th Floor of the San Francisco Courthouse.  The Courthouse is located at 450 Golden

11  Gate Avenue, San Francisco, California.

12      To the extent that Mr. Coleman is seeking reconsideration of the court's July 14, 2010 Order,

13  Mr. Coleman once again does not meet the requirements of Local Rule 7-9.

14      Accordingly, the Court **DENIES** Mr. Coleman's "Motion for Judicial Review of  Decision of

15  Commissioner of Social Security."

16      **IT IS SO ORDERED.**

17  Dated: January 29, 2013

18  _____
    LAUREL BEELER
    United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28

C 08-03789 LB
ORDER

4